## 47466.   H & H WHOLESALE SUPPLY COMPANY, INC. v. WHITE.

Evans, Judge. H & H Wholesale Supply Co., Inc. brought a suit on open account with a bill of account attached against Orville "Doc" White. The defendant answered, admitting jurisdiction but denying the other allegations of the complaint. Plaintiff filed a motion for summary judgment, supported by an affidavit of an officer of the corporation to the effect that he was familiar with the books and records of the company, as secretary, and knew of his own personal knowledge that defendant is indebted to the plaintiff, as evidenced by the bill of account attached to the petition, and by reason of invoices signed by various agents and employees of the defendant. The defendant filed his affidavit in opposition to the motion, in which he swears he never received much of the merchandise purportedly invoiced to him; that two of the alleged agents and employees supposedly signing and receiving the goods from the plaintiff were never his agents and never had authority to buy, sign or receive any goods from the plaintiff; that he has paid any and all amounts bought by him; that he is not indebted to the plaintiff for any goods or merchandise which have been legally and properly charged to him; and that his account has been paid in full. The motion was denied and appeal is from that judgment.

The plaintiff contends the lower court erred in considering only the pleadings and in not considering the affidavit of the plaintiff's officer, which was supported by certain invoices attached thereto as exhibits and made on personal knowledge. Plaintiff contends, further, that the

court erred in giving any probative value to the affidavit of the defendant, and in thereafter failing to render an order specifying facts that appear without substantial controversy. *Held:*

Although plaintiff contends the court ruled upon the motion by considering the pleadings alone, yet the record shows there were affidavits therein and it is to be presumed the trial judge considered the entire record. We have considered same and find that a justiciable issue remains for determination by a jury. Defendant makes the positive statement by affidavit that: (1) he is not indebted in any amount whatsoever; (2) King, an alleged agent, was never his agent and never had authority to buy, sign for or receive any goods from the plaintiff; (3) another alleged agent, Watson, was never his agent and never had authority to buy, sign for, or receive goods from plaintiff; (4) he has examined plaintiff's Exhibit "B," and that he never bought, signed for, or received the merchandise charged to him on the purported invoice "dated 11-19, 70, 11-28, 70, 9-18, 70, and he therefore is not legally obligated to pay for the same;" and, (5) any amount which has been legally and properly charged to him has been paid in full. It cannot be argued that the above were mere conclusions of the affiant and that the affidavit has no probative value.

Movant for summary judgment must eliminate all issues by uncontradicted evidence. *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137 (126 SE2d 545). The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether genuine issues exist, and all favorable inferences that may be drawn from the evidence. *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (3) (181 SE2d 77).

While affidavits must be made on personal knowledge, this does not mean that the affidavit itself must recite that it is made on personal knowledge. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442). It does not appear

here that any objection to the form of the affidavit was made in the trial court, and all formal defects should be objected to in the trial court, else they are waived. *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90); *Nevels v. Detroiter Mobile Homes,* 120 Ga. App. 60, 62 (169 SE2d 716); *Ga. Hwy. Express Co. v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215). Even though an affidavit in support of or in opposition to motion for summary judgment may contain opinions, conclusions of law, etc., the trial judge is nevertheless bound by the uncontradicted evidentiary matter in such affidavits, irrespective of the improper matter also included therein. *Harvey v. C. W. Mathews Contr. Co.,* 114 Ga. App. 866 (1) (152 SE2d 809). Here the court did not err in denying the motion for summary judgment or in failing to attempt to determine whether some of the invoices had not been paid.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
Argued September 6, 1972—Decided November 14, 1972—
Rehearing denied December 5, 1972.

*F. H. Boney,* for appellant.
*Cook & Palmour, A. Cecil Palmour,* for appellee.