## 28888. DAVIS v. DICKSON et al.

JORDAN, Justice.

In December, 1969, the appellant Elizabeth Davis filed her complaint in the Superior Court of DeKalb County to quiet title to certain property in DeKalb County on which she resided, claiming title thereto by parol gift from Ida Weaver and as sole heir of Ida Weaver, together with her adverse possession of said property since the death of Ida Weaver in August, 1949. The appellees filed an answer and certain defenses, claiming title under a chain of title beginning with a loan deed from Ida Weaver to J. W. Dickson in 1942; a deed under power of sale from Ida Weaver to J. W. Dickson as a result of foreclosure of said loan deed in 1955; a warranty deed in 1962 from J. W. Dickson to the appellant; a deed to secure debt of the same date from the appellant to J. W. Dickson, said deed to secure debt transferred to Edgewater Ranches, Inc., one of the appellees herein; and a deed under power of sale in 1969 from Elizabeth Davis by Edgewater Ranches, Inc., her attorney in fact, to Edgewater Ranches, Inc.

A commissioner was appointed who made his report to the court showing record title as claimed by appellees. Certain interrogatories and affidavits on behalf of the appellant and appellee were filed. The appellant's motion for summary judgment was denied by the trial court on

February 28, 1974. This appeal followed after a certificate of immediate review was obtained. *Held:*

1. While the appellant contends that she has been in open and notorious possession of said premises since 1949 and denies signing the documents referred to above, one of the appellees says under oath that he saw the appellant execute the promissory note and deed to secure debt in September, 1962, in connection with the purchase of the subject property and that the appellant made payments on said note until 1968 and paid rent on the premises after the foreclosure sale in 1969.

It is elementary that the movant for summary judgment must eliminate all genuine issues of material fact and that the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *H & H Wholesale Supply Co. v. White,* 127 Ga. App. 707 (194 SE2d 609) and cits. A review of this record reveals many genuine issues of material fact to be resolved. The trial judge was correct in refusing to grant the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 10, 1974 — DECIDED MAY 28, 1974.

*Gilbert, Wilkerson & Hill, Fred A. Gilbert,* for appellant.

*Ernest J. Nelson, Jr., Davis & Stringer, Thomas O. Davis,* for appellees.