## 60674. CITIZENS & SOUTHERN NATIONAL BANK et al. v. YEAGER ENTERPRISES, INC. et al.

SHULMAN, Judge.

This is an interlocutory appeal from a judgment denying the motions for summary judgment filed by plaintiff-C & S National Bank (hereinafter "C & S") and defendant in counterclaim-Hudson D. Whitley against defendants George and Erma Yeager and Gigi's on DeLowe, Inc. (hereinafter "defendants-guarantors"). The Yeagers and Gigi's on DeLowe, Inc., were alleged to be guarantors of certain loans made by C & S to a corporation, Yeager Enterprises, Inc.

(not a party to this appeal), whose officers and sole shareholders were comprised of the above-named defendants-guarantors. Acting in their official corporate capacity, defendants-guarantors executed on behalf of Yeager Enterprises a promissory note to C & S, following which the defendants-guarantors, in their personal capacity, contractually agreed to guarantee the repayment of certain loans made by C & S to Yeager Enterprises.

Following a dispute between Yeager Enterprises and C & S over the terms of the promissory note, Yeager Enterprises, by defendants-guarantors (representing said corporation in their official capacity), executed a renewal of that promissory note with C & S. Yeager Enterprises subsequently failed to honor the terms of the renewal note, asserting fraud and failure of consideration as a defense to payment. C & S brought the present action against both Yeager Enterprises and defendants-guarantors to collect on the note.

The trial court granted C & S's and Whitley's motions for summary judgment against the corporation, Yeager Enterprises, holding that Yeager Enterprises had waived any defenses to its payment of the note by virtue of its renewal of the promissory note after it had knowledge of the alleged fraud perpetrated by C & S and Whitley. See, e.g., *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240 (73 SE 418); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (3) (192 SE2d 513); *Yawn v. Powell,* 146 Ga. App. 554 (246 SE2d 737). The grant of C & S's and Whitley's motions for summary judgment against Yeager Enterprises is not an issue on appeal.

Appellants-C & S and Whitley premise their appeal on the denial of their motions for summary judgment against defendants-guarantors. Appellants contend that since defendants-guarantors were the officers and owners of Yeager Enterprises, Yeager Enterprise's renewal of the promissory note, by implication, effected a renewal of the defendants-guarantors' personal guaranty agreements; and that the knowledge of Yeager Enterprises was the knowledge of defendants-guarantors. It follows, then, appellants submit, that the renewal of the promissory note (which the lower court held estopped Yeager Enterprises from challenging its enforceability on the defenses of fraud and lack of consideration) likewise worked an estoppel against the defendants-guarantors. Appellants thus contend that defendants-guarantors have waived, as a matter of law, any defenses that may have been raised against the enforcement of the guaranty agreements and that summary judgment in favor of the appellants should have been granted. We disagree.

A promissory note and a guaranty are separate entities involving separate promises. See *Hartsfield Co. v. Robertson,* 48 Ga. App. 735

(173 SE 201). Although there was a settlement between Yeager Enterprises and C & S in regard to their dispute over the original promissory note, there was no such settlement or compromise agreement reached between the defendants-guarantors and C & S on their guaranty agreements. Thus, contrary to appellants' contentions, if there was no settlement (i.e., renewal), defendants-guarantors could not be said to have "silently withheld [their defenses on the note] *on the day of settlement.*" (Emphasis supplied.) *National Duck Mills,* supra, p. 246.

Inasmuch as there was no promise to renew or renewal of the guaranty agreements following the alleged fraudulent acts of appellants, defendants-guarantors cannot be said to have waived their right to raise any defenses to the guaranty agreements on the basis of either a real or implied renewal of such guaranties. As stated above, a promissory note and a guaranty are separate and distinct instruments, the renewal of one not (absent evidence of the parties' contrary intentions) effecting, by implication, the renewal of the other. Nor does the fact that the guarantors were also the officers and owners of the corporation compel a contrary result. "In law, [defendants-guarantors] and the corporation are entirely separate and distinct entities." *Jolles v. Holiday Builders, Inc.,* 222 Ga. 358, 360 (149 SE2d 814); *Bone Construction, Inc. v. Lewis,* 148 Ga. App. 61 (4) (250 SE2d 851).

Moreover, in view of the evidence submitted by defendants-guarantors that they did not intend to waive any right they may have had to challenge the validity of their personal guaranty agreements in signing a renewal of the corporation's promissory note in their corporate capacity, we cannot agree that, by their actions, defendants-guarantors waived as a matter of law any right to contest the guaranties.

" 'Waiver is essentially a matter of intent . . ., and the evidence relied upon to prove a waiver must be so clearly indicative of an intent to relinquish a then known particular right or benefit as to exclude any other reasonable explanation.' [Cits.]" *D.I. Corbett Electric, Inc. v. Venture Const. Co.,* 140 Ga. App. 586, 588 (231 SE2d 536).

In view of the conflicting evidence presented on motion for summary judgment on this issue and the presumptions which lie on motion for summary judgment (see, e.g., *Thompson v. Wilkins,* 143 Ga. App. 739 (2) (240 SE2d 183)), we refuse to hold that as a matter of law any defenses defendants-guarantors may have had on the guaranty agreements were waived.

Since we do not find on any basis asserted by the appellants that the trial court's denial of their motions for summary judgment against defendants-guarantors was error, that judgment is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 6, 1980 —

*Robert D. McCallum, Jr., Susan Hoy,* for appellants.
*Harold D. Corlew, Paul D. Copenbarger, Leon L. Rice, III, David F. Rock,* for appellees.