**SURETY MANAGERS, INC.,**
**Plaintiff-Appellant,**

v.

**M. Leon STANFORD, Jr., Rebekah Lynn Stanford and M. Leon Stanford, Sr.,**
**Defendants-Appellees.**

No. 80-7281
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 29, 1980.
Rehearing Denied Feb. 27, 1981.

England & Weller, John Melvin England, Atlanta, Ga., for plaintiff–appellant.

Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna, Atlanta, Ga., for defendants–appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Georgia Code § 67–1503 proscribes any action to obtain a deficiency judgment when a foreclosure of real estate fails to yield the full amount of the debt, unless the foreclosing party obtains approval and confirmation of the sale.[1] Confusion may arise, as it has here, when two pieces of real estate are claimed as security for a single agreement. Both properties were foreclosed but only one of the foreclosures was confirmed. The district court held that under the facts in this case all obligations under the agreement were discharged by the foreclosures, and we affirm.

On December 10, 1975, M. Leon Stanford, Jr. (Stanford, Jr.) contracted with Surety Managers, Inc. (Surety) to serve as Surety's local bonding agent in Atlanta, Georgia.

---

1. Georgia Code § 67–1503 provides: ·

When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of. the debt secured by such deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon.

It should be noted that § 67–1503 is in derogation of the common law and should be strictly construed. See First Nat'l Bank v. Kunes, 128 Ga.App. 565, 197 S.E.2d 446 (1973).

That same day, M. Leon Stanford, Sr. (Stanford, Sr.) indemnified the performance of his son Stanford, Jr. under the agency contract with Surety. Listed as collateral in the indemnity agreement were a "Deed to Secure Debt" and "All Building Funds on Deposit with Surety Managers, Inc." The indemnity agreement specified that other collateral may be deposited and that Surety had full power to sell the collateral with or without notice in the event of breach. Also on December 10, Stanford, Sr. executed a note and deed conveying the "Glenwood property" to Surety as "security for the performance by the Grantor of all the obligations of" the indemnity agreement.

Earlier, on April 8, 1975, Stanford, Sr. had executed a note conveying the "Hardendorf property" to Surety "as security for any bail bonds signed by Grantor or any of his agents." Although Stanford, Jr. had not yet contracted to be Surety's bonding agent, it is apparent that this "Hardendorf property" note was executed in anticipation of such a contract. Nevertheless, the "Hardendorf property" note explicitly secures bail bonds, and not Stanford, Jr.'s performance under his contract with Surety.

Stanford, Jr. breached his agency contract with Surety. Surety, allegedly acting within its power under the indemnity agreement with Stanford, Sr., foreclosed on both the Glenwood and Hardendorf properties. Although the foreclosures did not bring the amount of the debt secured, only the Hardendorf sale was confirmed; the Glenwood sale was not.

In the present suit, Surety is suing Stanford, Sr. for breach of the indemnity agreement, as well as Stanford, Jr. for breach of the agency contract and Stanford, Jr.'s wife for breach of a separate guaranty agreement. Stanford, Sr. moved for summary dismissal, arguing that any action against him under the indemnity agreement is barred by Georgia Code § 67–1503 since Surety failed to confirm the foreclosure of the Glenwood property. Surety argues that its suit against Stanford, Sr. is not barred by § 67–1503 since it is not seeking a defi-

ciency judgment. Rather, Surety maintains that it is pursuing "other contractual remedies" to collect the debt and that the collateral under the indemnity contract included both the Glenwood and Hardendorf properties.

The district court, after finding that various forms of collateral were provided as security for the single indemnity agreement, ruled that the mere presence of the separate items of collateral was not controlling and Surety's failure to confirm the Glenwood property foreclosure barred any action under the indemnity agreement. Thus the district court granted Stanford, Sr. summary judgment.

Georgia courts, in interpreting § 67–1503, have established several principles. One is that failure to confirm does not extinguish the debt; it simply limits the creditor's remedies. See Marler v. Rockmart Bank, 146 Ga.App. 548, 246 S.E.2d 731 (1978); Turpin v. North American Acceptance Corp., 119 Ga.App. 212, 166 S.E.2d 588 (1969). Coupled with this is the principle that failure to confirm does not prevent a creditor from pursuing other contractual security on the debt. See Salter v. Bank of Commerce, 189 Ga. 328, 6 S.E.2d 290 (1939); Marler v. Rockmart Bank, supra. Similarly, if there are separate debts arising from separate contractual obligations, failure to confirm the foreclosure arising from one of the obligations does not bar an action on the separate obligation, even if the obligations relate to the same subject matter. See Murray v. Hasty, 132 Ga.App. 125, 207 S.E.2d 602 (1974).

Here, however, Surety is suing Stanford, Sr. on a single obligation–that contained in the indemnity agreement. This is not a suit on separate notes or obligations; Surety itself contends that its suit is premised on comprehensive contractual obligations under the indemnity agreement. Surety cites this court's decision in Calvert Fire Ins. Co. v. Environs Development Corp., 601 F.2d 851 (5th Cir. 1979) as support for its "comprehensive contractual obligations" theory. In Calvert, the lender secured its loan to the developer by accept-

ing a security deed on property. The developer procured insurance and designated the lender loss–payee, as required by the security agreement, although the insurance covered the interests of both the lender and the developer. The property was destroyed, the developer defaulted on the loan, and the lender foreclosed on the property pursuant to the security agreement. The debt was recovered but not the attorney's fees due under the loan agreement. The foreclosure was not confirmed.

Meanwhile, negotiations began with the insurer. First, the lender, and much later the developer, filed proofs of loss. The insurer sought a declaratory judgment to determine who should benefit from the proceeds. The lender counterclaimed for the insurance proceeds and cross–claimed against the developer. The developer claimed that the lender's actions were barred by § 67–1503, and the district court agreed. We reversed, asserting that the lender's status as loss–payee gave it a separate contractual remedy. Thus the lender was not permitted to recover under the security agreement; failure to confirm the foreclosure of the security barred any such action. But the lender was permitted to sue under the separate insurance contract, which provided the lender with a separate contractual remedy–no less a separate remedy, we said, than an additional security deed or additional property would give. Thus, although the insurance contract was required under the security agreement, it was a separate agreement, and the lender was permitted to recover not pursuant to the security agreement but pursuant to the insurance agreement.

No such separate agreement is alleged here. Rather, Surety seeks to recover under the single indemnity agreement. It is not clear whether the Hardendorf property security deed represents a separate agreement. It is clear, however, that Surety is not suing to recover under a separate agreement; Surety seeks to recover only pursuant to the indemnity agreement. It is also clear that the Glenwood property security deed is the collateral securing that indemnity agreement. Surety has acted on the indemnity agreement by foreclosing the Glenwood property. Because it failed to have that foreclosure confirmed, Surety has limited its remedies under that agreement, and because we can find no other remedy pursuant to that agreement, we conclude that Surety has no further claim against Stanford, Sr. under that agreement. Accordingly, the district court's order granting Stanford, Sr. summary dismissal is

AFFIRMED.