60533. JERKINS et al. v. SAVANNAH VALLEY PRODUCTION CREDIT ASSOCIATION.

SOGNIER, Judge.

Hubert Cheek, Jr. and Thomas H. Cheek executed a series of five promissory notes during the period from September 5, 1972 to April 1, 1975 payable to appellee, Savannah Valley Production Credit Association (PCA). Each note was secured by personal property

evidenced by security agreements and bills of sale. On March 22, 1976 the Cheeks executed a promissory note to PCA in the amount of $316,426; this note was secured by a second mortgage on real property, the first mortgage being held by the Federal Land Bank of Columbia (FLB). On July 23, 1976 the Cheeks executed another promissory note to PCA in the amount of $54,280. On January 31, 1977 Hubert Cheek, Jr. died testate and and Lee F. Jerkins, appellant in this case, was appointed executor and trustee of Hubert Cheek's estate. On April 12, 1977 Thomas Cheek and Jerkins, in his representative capacity as executor, executed another promissory note to PCA in the amount of $50,195.

The Cheeks defaulted on all loans set forth above and by letter dated July 10, 1978 PCA notified Thomas Cheek that his entire loan was due because of default; that PCA would take possession of all machinery, equipment and chattels pledged as security; and that a sale would be held in Bowersville at 5:00 p. m., July 13, 1978, at which time Thomas Cheek could rebuy any or all items for a price higher than any bid. A carbon copy of this letter was sent to appellant and thereafter the machinery, equipment and chattels were repossessed by PCA. Some of the property was sold on July 21, 1978 pursuant to the notice; some of the property was sold at a private sale prior to July 21st; and some of the property was sold at a private sale after July 21st.

Meanwhile, FLB exercised the acceleration provisions of its note from the Cheeks, declared the note immediately due and payable because of default, and sold the real property pledged as security at a public sale on October 2, 1978 for $197,500. This amount satisfied the indebtedness to FLB, including principal and interest, advertising expenses and attorney fees, and left an excess of $29,441.97 which was awarded subsequently to PCA as holder of the second mortgage on the real property.

PCA brought the instant action seeking judgment for the balance remaining on the promissory notes of March 22, 1976, July 23, 1976 and April 12, 1977 only. PCA filed a motion for summary judgment; appellant then filed a cross-motion for summary judgment. After a hearing on both motions the trial court granted PCA summary judgment on the notes of July 23, 1976 and April 12, 1977, less the $29,441.97 surplus awarded previously to PCA; appellant's cross-motion for summary judgment was denied. Jerkins filed this appeal, contending the trial court erred in its order (1) by finding that the two notes on which summary judgment was granted were secured by real property only; (2) by finding that the issues raised as to sale of the machinery (which was security for the original five notes) are issues of fact for determination by a jury; (3) by

granting PCA's motion for summary judgment in part; and (4) by granting summary judgment in part to PCA when the notification of sale did not meet the notice requirements of Code Ann. §§ 109A-9—504 and 109A-9—506.

1. Appellant contends that PCA's failure to give proper notice of the sale of personal property listed in the security agreements and bills of sale executed to secure the first five notes (executed from September 1972 to April 1975) extinguished appellant's entire debt, including the three notes here sued on as well as the first five notes, which are not included in the instant suit. Appellant contends that this occurs because the open-end clauses contained in the security agreements executed in connection with the first five notes tie the entire transaction together.

The Uniform Commercial Code (Code Ann. § 109A-9—504) provides that a secured party, after default, may sell any or all of the collateral after the debtor is given reasonable notice of the time and place of any public sale, or reasonable notification of the time after which any private sale is to be made. Failure to give such notice will, under certain circumstances, entitle the debtor to full credit, i.e., credit for the balance remaining after applying the proceeds of any sale to the amount due.

The three notes sued on in the instant action involve separate transactions, as pointed out in *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (237 SE2d 622) (1977) and *Baker v. NEI Corp.,* 144 Ga. App. 165 (241 SE2d 4) (1977). The letter notifying the debtor (Jerkins) that the entire debt was in default, including the last paragraph of that letter indicating that the personal property would be repossessed and sold, did not invoke the open-end clause in the security agreements. We do not here decide what construction we would place on this case if the original five notes were sued on, although we will state that the notice of sale was inadequate.

Turning again to the open-end provision, we note that such a provision does not go into effect automatically, but its use is at the discretion of the lender, to wit: ". . . and to secure the repayment of such loan, and of all additional loans and advances that may be made by the Secured Party to the Debtor, *in the sole discretion of the Secured Party . . .*" (Emphasis supplied.) While appellant's argument is both novel and enterprising, it is here without merit. Accordingly, we hold that the present action, insofar as it relates to the notes of July 23, 1976 and April 22, 1977, is not for a *deficiency* judgment on the debt for which foreclosure was had, but is an action to recover on separate, subsequent and different notes, made for different debts, which are separate transactions. *Vaughn,* supra.

2. Pursuant to our ruling in Division 1, the remaining enu-

merations of error are without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1981 —
REHEARING DENIED FEBRUARY 25, 1981 — 

*Walter E. Leggett, Jr., Joseph S. Skelton,* for appellants.
*Robert D. Matthews, Eugene W. Harper, Jr.,* for appellee.