69390. JONES v. DIXIE O'BRIEN DIVISION, O'BRIEN
CORPORATION.
(329 SE2d 256)

CARLEY, Judge.

Prior to May of 1977, Pilgrim Paint and Decorating Company (Pilgrim Paint) purchased paint on open account from appellee-plaintiff. On May 5, 1977, appellant-defendant, who was an officer of Pilgrim Paint, executed a personal guaranty agreement in favor of appellee, promising to pay any indebtedness of Pilgrim Paint in an amount not exceeding $10,000. Subsequently, appellee filed a complaint

against appellant, alleging that the outstanding balance on Pilgrim Paint's account exceeded $10,000, that Pilgrim Paint was insolvent, and that appellant was indebted to appellee in the amount of $10,000 under the terms of the guaranty agreement. Appellant filed an answer, wherein he admitted executing the agreement, but raised the defense of failure of consideration for the underlying obligation. This defense was predicated on appellant's allegation that all of the paint purchased by Pilgrim Paint on open account was defective. The trial court granted summary judgment to appellee.

1. Asserting that a genuine issue of fact remained concerning the defense of failure of consideration, appellant enumerates as error the grant of summary judgment to appellee. As stated, appellant raised the defense of failure of consideration for the original debt, a defense which would have been available to Pilgrim Paint as the principal debtor. Compare *Hornsby v. First Nat. Bank of Atlanta*, 154 Ga. App. 155, 156-157 (2) (267 SE2d 780) (1980), wherein the guarantor raised the defense of failure of consideration for the guaranty agreement itself. Compare also *Deep South Services v. Wade*, 248 Ga. 80, 82 (1) (281 SE2d 561) (1981). Generally, a guarantor may assert all defenses to a contract which would be available to his principal, with the exception of personal defenses, such as infancy, bankruptcy and incapacity. *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333 (287 SE2d 61) (1981). Failure of consideration is clearly a viable affirmative defense to an action on a contract. See *Robbins v. Hays*, 107 Ga. App. 12 (2) (128 SE2d 546) (1962); *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519, 521 (221 SE2d 691) (1975); OCGA § 13-5-9. Moreover, it is not a defense that is personal to the principal. Accordingly, failure of consideration is an available defense to a guarantor. A "guarantor is not liable to the creditor if there has been a total failure of consideration as to the underlying obligation . . . ." 38 AmJur2d, Guaranty, § 51, p. 1054.

By affidavit filed in opposition to appellee's motion for summary judgment, appellant swore that the paint at issue was "defective and of no value whatsoever to [Pilgrim Paint]." Appellant further stated under oath that Pilgrim Paint had given appellee notice of the defective nature of the paint and of its rejection thereof, but that appellee had refused to accept the rejection. The paint was then stored and subsequently destroyed by fire. Appellant also stated that the only use of the paint by Pilgrim Paint had resulted in its having to repair the job, and that the cost of this repair work plus the wholesale cost of the paint, exceeded the claim of appellee in the pending controversy.

This was sufficient evidence that the consideration had totally failed, and the trial court erred in finding that no issue remained with regard to that defense. See OCGA § 13-5-9. See generally *H&H*

*Wholesale Supply Co. v. White*, 127 Ga. App. 707 (194 SE2d 609) (1972).

2. Appellee asserts that, even if failure of consideration as to the underlying obligation is generally an available defense to the principal, appellant has nonetheless waived his right to raise that defense under the terms of the instant guaranty agreement.

The guaranty agreement at issue provides in relevant part: "For and in consideration of One Dollar and other valuable consideration receipt of which is hereby acknowledged I hereby guarantee, absolutely and unconditionally at all times, unto [appellee], the payment of any indebtedness . . . . I hereby waive notice of acceptance of the guaranty, and all notice of the goods and merchandise sold by you to said debtor, and all notice of defaults by said debtor, and I consent to any [extension] . . . of the time . . . of payments . . . ."

It is clear that a guarantor may consent in advance to a course of conduct which would otherwise result in his discharge. *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (216 SE2d 651) (1975). It has been held that this includes the waiver of defenses otherwise available to a guarantor. See *Twisdale v. Ga. R. Bank &c. Co.*, 129 Ga. App. 18, 21 (198 SE2d 396) (1973); *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 437 (280 SE2d 842) (1981). However, the relevant language of the guaranty agreement quoted above demonstrates that there was no express waiver of the defense of failure of consideration. Compare *Vickers v. Chrysler Credit*, supra; *Twisdale v. Ga. R. Bank &c. Co.*, supra; *Dunlap v. C & S DeKalb Bank*, supra at 896. Accordingly, we hold that the trial court erred in granting summary judgment to appellee.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 21, 1985.

*Daniel J. Craig*, for appellant.
*James L. Lester*, for appellee.