UNITED STATES of America, Plaintiff,

v.

**Ernest J. YATES and Edward M. Schuster, Defendants.**

**Civ. A. No. 91–8–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Sept. 25, 1991.

Karen B. Bragman, Anne S. Infinger, Atlanta, Ga., for Ernest J. Yates.

Lillian Harris Lockary, Macon, Ga., Adrienne C. Rodgers, Atlanta, Ga., for U.S.

Scott F. Norberg, H. Carol Saul, Atlanta, Ga., for Edward M. Schuster.

## ORDER

OWENS, Chief Judge.

All parties in this case have moved for judgment on the pleadings on the issue of whether defendant Edward M. Schuster, as guarantor, is liable for the deficiency on a promissory note despite the failure of plaintiff, the United States Small Business Administration, to obtain confirmation of a foreclosure sale of the property that secured the note. Because the court has heard no argument on any issues which may arise once this issue has been decided, the court's order is limited to the issue of Defendant Schuster's liability only. Any other decision would be premature at this time.

### FACTS

This case involves two financing arrangements between the Business Development Corporation of Georgia, Inc. ("BDC") and

Darlington Enterprises, Inc. ("Darlington"). Both arrangements were made in participation with plaintiff, United States Small Business Administration ("SBA").

The first financing arrangement was made on January 24, 1985. Under this arrangement, the BDC agreed to loan $300,000.00 to Darlington in exchange for Darlington's promissory note ("1985 Note") for that amount. In addition, Darlington executed a deed to secure debt ("1985 Deed") that covered two tracts of land in Tift County, Georgia ("Tift County tracts"). This deed contains the following clause:

> This instrument not only secures the foregoing described debt but also any renewals of the whole or any part thereof and any and all other indebtedness now due by Grantor and/or the obligor to Grantee or hereafter incurred by Grantor and/or obligor, whether directly or indirectly, as principal, endorser, guarantor, or otherwise.

1985 Deed, at 2.

In order to induce the BDC to make the loan, defendant Edward M. Schuster ("Schuster") executed a guaranty ("1985 Guaranty"), which "unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due...." This guaranty is on the standard SBA guaranty form and contains the following provisions:

> The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:
>
> ....
>
> (e) In the event of the nonpayment when due, ... to realize on the collateral or any part thereof, ... at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.
>
> The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers.

1985 Guaranty, at 1.

The second financing arrangement was made on March 27, 1986, in which the BDC agreed to loan $275,000.00 to Darlington in exchange for Darlington's promissory note ("1986 Note") for that amount. This note was secured by a deed to secure debt ("1986 Deed") that covered the Tift County tracts and an additional 15–acre tract.

As in the 1985 arrangement, defendant Schuster signed a guaranty ("1986 Guaranty") in order to induce the 1986 loan. Like the 1985 Guaranty, the 1986 Guaranty is on the standard SBA form and has identical terms.

Darlington defaulted on both notes, and on October 6, 1987, the BDC conducted a nonjudicial foreclosure sale on the Tift County tracts that were covered in both the 1985 and 1986 Deeds. (The 15–acre tract covered only in the 1986 Deed had been previously foreclosed upon by a senior holder.) However, the notice of foreclosure made clear that the BDC was foreclosing under the 1985 Deed only:

> Under and by virtue of the Power of Sale contained in that certain Deed to Secure Debt ... dated January 24, 1985, ... the undersigned will sell ... the following described property:
>
> ....
>
> ... Any surplus proceeds remaining will be distributed as provided by law includ-

ing, but not limited to, the disbursement of any surplus proceeds to the holder of the indebtedness secured by that certain inferior Deed to Secure Debt ... dated March 27, 1986....

Notice of Sale Under Power in Deed to Secure Debt.

The BDC purchased the property at the foreclosure sale for $475,100.00. This extinguished the 1985 Note, and the surplus of $77,037.56 was applied to the 1986 Note. After applying this surplus, approximately $200,000.00 was still owed on the note.

The SBA then purchased its guaranteed share of the 1986 loan from the BDC. On October 6, 1987 (the date of the foreclosure), the BDC retained defendant Ernest J. Yates ("Yates") as its counsel to obtain confirmation of the foreclosure sale. Yates did not file the application to obtain confirmation until November 25, 1987 (fifty days after the sale). The Superior Court of Tift County denied confirmation because the application did not meet the requirement under O.C.G.A. § 44–14–161(a) that such application must be filed within thirty days of the sale.

The BDC made demands on both Yates and Schuster for the $200,000.00 balance remaining on the 1986 Note. Both refused to pay. The SBA then filed this action against Schuster as guarantor for the remaining balance on the 1986 Note and, in the alternative, against Yates, as the party whose negligence proximately caused the SBA's inability to pursue the deficiency against Schuster.

Defendant Yates has filed a motion for judgment on the pleadings in which he claims that his failure to file the confirmation application on time is not the proximate cause of the SBA's inability to pursue the deficiency against Schuster because Schuster is still liable on the 1986 Guaranty. Defendant Yates bases this contention on two theories: (1) failure to confirm the foreclosure on the 1985 Deed does not preclude collection of the amount still owing on the 1986 Note because the 1985 Note is a separate and independent obligation from the 1986 Note; and (2) even if failure to confirm does preclude collection on the note, defendant Schuster waived this defense by the terms of the 1986 Guaranty.

Defendant Schuster has filed a motion for judgment on the pleadings claiming that he is no longer liable on the 1986 Note because (1) the BDC failed to obtain confirmation of the foreclosure sale thereby precluding the SBA from seeking a deficiency resulting from that sale as stated in O.C.G.A. 44–14–161(a); and (2) he did not waive his defense under this statute by the terms of the 1986 Guaranty.

Plaintiff United States has filed a motion for judgment on the pleadings claiming that it is entitled to pursue a remedy against defendant Schuster, or, in the alternative, against defendant Yates.

## DISCUSSION

A motion for judgment on the pleadings must be sustained where undisputed facts appearing in the pleadings show that no relief can be granted. *J.M. Blythe Motor Lines Corp. v. Blalock,* 310 F.2d 77 (5th Cir.1962). There are no disputed facts relating to the issue of whether defendant Schuster is liable on the 1986 Note despite the SBA's failure to obtain confirmation of the foreclosure sale; therefore, an order granting judgment on the pleadings on this question of law is appropriate.

This issue can be resolved by answering the following two questions: (1) Is defendant Schuster protected by the confirmation requirement in O.C.G.A. § 44–14–161(a)?; and (2) If so, did he waive this statutory protection in the 1986 Guaranty?

(1) Is Defendant Schuster protected by the confirmation requirement in O.C.G.A. § 44–14–161(a)?

■ In order for a creditor to seek a deficiency judgment against a debtor, the creditor must meet the requirements of O.C.G.A. § 44–14–161(a), the Georgia confirmation statute. This statute provides as follows:

When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the

amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44–14–161(a).

Section 44–14–161(a) governs actions between a defendant debtor and the SBA. *United States v. Dismuke*, 616 F.2d 755, 759 (5th Cir.1980); *see also United States v. Irby*, 618 F.2d 352, 355 (5th Cir. 1980) (applying Mississippi real property law to determine reasonableness and validity of foreclosure sale by SBA under guaranty agreement).

Furthermore, § 44–14–161(a) applies to both primary debtors and guarantors; an action for the balance remaining on a note following a foreclosure sale against a guarantor rather than the primary debtor is still an action for a deficiency judgment under the statute and is barred if no confirmation was obtained. *United States v. Dismuke*, 616 F.2d 755, 759 (5th Cir.1980); *see also First National Bank & Trust Co. v. Kunes*, 230 Ga. 888, 889, 199 S.E.2d 776, 778 (1973) (holding that guarantors and sureties are " 'debtors' within the meaning of [the Georgia confirmation] statute immediately upon the default on the promissory notes"). Thus, if the foreclosure sale in the case *sub judice* had failed to bring the amount of the 1985 Note, then the SBA would be barred from seeking to recover the deficiency from Schuster, the guarantor, without question. However, the difficulty in this case arises because the SBA is seeking to recover the balance on the 1986 Note while the foreclosure sale was conducted under power of the 1985 Deed.

This difficulty is resolved by the open-end provision in the 1985 Deed: "This instrument not only secures the foregoing described debt but also ... any and all other indebtedness now due by Grantor ...

to Grantee or hereafter incurred by Grantor...." 1985 Deed, at 2. Open-end clauses are valid in Georgia in deeds to secure debt. *E.g., Bryant v. Branch*, 142 Ga.App. 189, 235 S.E.2d 688, 689 (1977). Thus, the 1985 Deed, by its terms, secures both the 1985 and 1986 Notes, and a confirmation of the foreclosure sale under power of the 1985 Deed is required to recover a deficiency judgment on the 1986 Note.

That the advertisement for the foreclosure only refers to the 1986 Note is irrelevant. A similar situation occurred in *C.K.C., Inc. v. Free*, 196 Ga.App. 280, 395 S.E.2d 666 (1990). In *C.K.C.*, two notes were secured by the same deed. However, the foreclosure advertisement referenced only one of the notes. Confirmation was denied, and the lender brought an action on the second note. *Id.* at 280–81, 395 S.E.2d at 666–67. The Georgia Court of Appeals held that this action was a deficiency judgment and, as a result, it was barred due to the failure to obtain a confirmation; "both notes [were] clearly secured by the same deed and the same property." *Id.* at 282, 395 S.E.2d at 668. In the case *sub judice*, the open-end provision in the 1985 Security Deed makes the current situation identical to the one in *C.K.C.*; both the 1985 and the 1986 Notes are "clearly secured by the [1985] deed and the same property." *Id.*

Defendant Yates relies on *Jerkins v. Savannah Valley Production Credit Assoc.*, 157 Ga.App. 652, 278 S.E.2d 431 (1981), to argue that the open-end clause was not invoked in this case. In *Jerkins*, the debtor executed five promissory notes that were secured by personal property. *Id.* The security agreements contained the following open-end provision: "[the collateral will] secure the repayment of such loan, and of all additional loans and advances that may be made by the Secured Party to the Debtor, in the sole discretion of the Secured Party...." *Id.* at 654, 278 S.E.2d at 432. The debtor then executed three more notes which were secured by deeds to secure debt on real property. The court held that the open-end provisions in the security agreements for the first five notes had no effect on the subsequent notes be-

cause the provisions had not been specifically invoked by the lender. *Id.*

In contrast, the open-end provision in the case *sub judice* does not need to be invoked by the lender in order to go into effect. It simply states that it secures "any and all other indebtedness ... hereafter incurred". 1985 Deed, at 2. The lender has no discretion like it has under the open-end provision in *Jerkins.* The open-end provision in the 1985 Deed automatically went into effect when Darlington incurred the indebtedness from the 1986 Note. Hence, the 1985 Deed secures both the 1985 and 1986 Notes, and failure to confirm the foreclosure sale under the 1985 Deed bars a deficiency action on the 1986 Note.

 Moreover, assuming that the open-end clause did not go into effect because it was not invoked, the failure to obtain confirmation still precludes the SBA from seeking a deficiency judgment against Schuster. While, as defendant Yates argues, the 1986 Note is a separate, independent obligation from the 1985 Note, confirmation of the sale is nonetheless required because the notes are secured by the same property through deeds held by the same creditor. When two deeds secure the same property and are held by the same creditor, the deeds merge. The deficiency action against Schuster is really a "suit on a debt secured by the junior of two 'merged' deeds," and in this situation, confirmation is required. *Kennedy v. Trust Co. Bank,* 160 Ga.App. 733, 736, 288 S.E.2d 87, 89 (1981).[1]

Yates cites a series of cases in his brief that, at first glance, would seem to contradict the above statement from *Kennedy.* These cases are all based on the following principle: "[I]f there are separate debts arising from separate contractual obligations, failure to confirm the foreclosure arising from one of the obligations does not bar an action on the separate obligation, even if the obligations relate to the same subject matter." *Surety Managers, Inc. v. Stanford,* 633 F.2d 709, 711 (5th Cir.1980), *cert. denied,* 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 104 (1981); *see also Baker v. NEI Corp.,* 144 Ga.App. 165, 166, 241 S.E.2d 4, 5 (1977); *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 77, 237 S.E.2d 622, 626 (1977); *Murray v. Hasty,* 132 Ga.App. 125, 126, 207 S.E.2d 602, 603 (1974). However, the facts in these cases are distinguishable from the facts of the case at bar; thus, the holding in the present case does not contradict this principle.

The common thread in all of the cases cited by Defendant Yates is that the notes involved were secured by deeds to different properties. For example, in *Vaughn & Co. v. Saul,* 143 Ga.App. 74, 237 S.E.2d 622 (1977), three notes were secured by three deeds that covered three different properties. *Id.* at 74, 237 S.E.2d at 634. Each deed contained an open-end provision. *Id.* at 75, 237 S.E.2d at 624–25. The lender foreclosed on one of the properties, failed to obtain confirmation of the sale, and later sued on one of the other notes. *Id.,* 237 S.E.2d at 625. The court held that this suit was not a deficiency judgment because it was an action on a separate note for a different debt "and for which a conveyance of other property was made as security." *Id.* 143 Ga.App. at 77, 237 S.E.2d at 626.

Likewise, in *Baker v. NEI Corp.,* 144 Ga.App. 165, 241 S.E.2d 4 (1977), two notes were secured by two deeds that covered two different properties. Each deed con-

---

1. In *Kennedy,* the creditor held two notes both of which were secured by the same property. However, the creditor only held one of the security deeds to the property. In contrast to the case *sub judice,* the creditor in *Kennedy* only held an assignment of the holder's interest and rights in the other security deed on the property. *Kennedy,* 160 Ga.App. at 734, 288 S.E.2d at 88. Thus, the Court of Appeals of Georgia held:

[T]he creditor was not vested with title by "merger" of two security deeds on the same property and consequently the instant case is not a suit on a debt secured by the junior of two "merged" security deeds. As thus viewed, "[t]he present action is not to recover a deficiency judgment on the debt secured [by the first deed], but to recover on an independent, separate, unsecured obligation."
*Id.* at 736, 288 S.E.2d at 89–90 (quoting *Murray v. Hasty,* 132 Ga.App. 125, 126, 207 S.E.2d 602 (1974)). Therefore, no confirmation of the sale under the first deed was required for the creditor to seek the balance owing on the second note from the debtor. *Id.*

tained an open-end provision. The lender foreclosed on both deeds, but only obtained confirmation of the sale under the second deed. The lender then sued for the deficiency on the second note. *Id.*, 241 S.E.2d at 4–5. The court held that lack of confirmation of the sale under the first deed did not bar the action for the deficiency on the second note because they were separate transactions involving different properties. *Id.* 144 Ga.App. at 166, 241 S.E.2d at 5.

In contrast, the deeds in the case at bar involve the same two properties. Defendant Yates argues that the fact that the 1986 Deed covers a tract in addition to the Tift County tracts makes this case analogous to those he cites in his brief. The 1986 Deed does cover one additional property, and if that additional property were still security for the 1986 Note,[2] then the SBA would be free to foreclose on that property. *See Salter v. Bank of Commerce*, 189 Ga. 328, 332, 6 S.E.2d 290, 293 (1939) (holding that the confirmation statute does not "inhibit subsequent sale under power of property other than the property which at a former sale under power had failed to 'bring the amount of the debt' "). Moreover, if the SBA had foreclosed on this additional property and had obtained confirmation of that sale, it would still need to obtain confirmation of the sale of the Tift County tracts in order to seek a deficiency judgment. *See Surety Managers,*

*Inc. v. Stanford,* 633 F.2d 709, 712 (5th Cir.1981) (holding that suit on a note secured by two properties was barred when lender failed to obtain confirmation of the foreclosure on one of the properties), *cert. denied,* 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 104 (1981). Therefore, the fact that the 1986 Deed covers a property in addition to the Tift County tracts has no bearing on the requirement for confirmation of the foreclosure sale of the Tift County tracts.

In summary, the foreclosure in this case, either under the open-end provision or through merger of the deeds, embraces both the 1985 and 1986 Notes, and "when the instrument sued upon is embraced by the previous foreclosure, it is a deficiency judgment." *Redman Industries v. Tower Properties, Inc.,* 517 F.Supp. 144, 152 (N.D.Ga.1981). The situation is like that described in *Murray v. Hasty,* 132 Ga.App. 125, 127, 207 S.E.2d 602, 604 (1974):

> The two debts, secured by the same property, held by the same creditor ..., are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other. If the whole of the property is exhausted in foreclosing the first there is still a secured debt for which the holder desired to obtain a deficiency judgment.[3]

**2.** This property was foreclosed by the holder of a senior deed prior to the foreclosure at issue in this case.

**3.** This quote is an interpretation of *Langley v. Stone,* 112 Ga.App. 237, 144 S.E.2d 627 (1965), *overruled, Kennedy v. Gwinnett Commercial Bank,* 155 Ga.App. 327, 270 S.E.2d 867 (1980). In *Langley,* the plaintiff acquired two notes executed by defendant, which were secured by two deeds that covered the same property. The plaintiff foreclosed upon the first deed and failed to obtain confirmation of the sale because the price was substantially below fair market value. The plaintiff then sued upon the second note. *Id.* at 238, 144 S.E.2d at 628.

The court held not only that the plaintiff was barred from pursuing this action, but also that the defendant was entitled to damages against the plaintiff because the defendant had breached his duty to obtain a fair market value for the property. *Id.* at 239–40, 144 S.E.2d at 628–29. The court stated:

> Any other rule would be an open invitation to fraud in cases of second loans. The holder of

first and second loans could sell under power in the first and fail or refuse to secure an order of confirmation and get the benefit of a foreclosure no matter how iniquitous, unfair and fraudulent insofar as a fair exercise of a power of sale is concerned.

*Id.* at 240, 144 S.E.2d at 629.

*Langley* was overruled in *Kennedy v. Gwinett Commercial Bank,* 155 Ga.App. 327, 270 S.E.2d 867 (1980), on the grounds that a creditor has no duty to secure the fair market value for the property. *Id.* at 333, 270 S.E.2d 867. Thus, as the court hearing *Kennedy* on appeal after its remand stated, the "sword" aspect of *Langley* has been overruled. *Kennedy v. Trust Co. Bank,* 160 Ga.App. 733, 737, 288 S.E.2d 87, 90 (1981). Moreover, this *Kennedy* court held that whether *Langley* "continues to be viable precedent for the proposition that a debtor is afforded the defensive 'shield' of the confirmation statute under such circumstances" remains open. *Id.* Thus, at this time, the *Langley* rule is still good law.

The two debts in this case are "inextricably intertwined," *id.*, and the foreclosure exhausted all security on both debts. Consequently, the deficiency remaining on the 1986 Note arose from the foreclosure, and the SBA is precluded from recovering a deficiency judgment because it failed to obtain confirmation of the sale. Therefore, unless defendant Schuster waived the confirmation defense in the 1986 Guaranty (as addressed in the next section of this opinion), he is not liable.

(2) Did Defendant Schuster waive his protection under the confirmation statute in the 1986 Guaranty?

▮▮▮ Even though the Georgia confirmation statute precludes the SBA from collecting the deficiency on the 1986 Note from defendant Schuster, the court must determine whether Schuster waived this defense in the 1986 Guaranty. The general rule is that a guarantor may waive the defenses which would be otherwise available to him. *Jones v. Dixie O'Brien Division*, 174 Ga.App. 67, 69, 329 S.E.2d 256, 258 (1985). However, this waiver must be an express waiver, *see, e.g., id.*, and the language in the 1986 Guaranty is not sufficient to amount to a waiver of Schuster's rights under the confirmation statute.

Under the 1986 Guaranty, Schuster gave the lender the power to conduct a foreclosure sale on the collateral, but this power was "to be exercised only to the extent permitted by law." The law requires that if the lender chooses to foreclose on the collateral, it must obtain confirmation of the sale in order to pursue an action for the deficiency.

In *United States v. Terrey*, 554 F.2d 685 (5th Cir.1977), the Fifth Circuit interpreted identical language from an SBA guaranty agreement. The court determined that the phrase "such powers to be exercised only to the extent permitted by law" indicates that the parties "intended to limit the creditor's discretion in disposing of the collateral and to apply [state] law ... to the obligation that [the guarantor] owed ... the SBA." *Id.* at 693. Under the applicable Texas law, the SBA was required to dispose of the collateral (personal property) in a commercially reasonable manner before being able to pursue a deficiency judgment. *Id.* The court held that the language of the guaranty did not waive this defense. *Id.*

▮▮▮ The Georgia confirmation statute is analogous to the commercial reasonableness requirement in personal property situations. Thus, the language of the 1986 Guaranty, which, like the guaranty in *Terrey*, states that the lender can only exercise its powers "to the extent permitted by law," does not waive the confirmation statute defense.

An example of an express waiver is found in *Vickers v. Chrysler Credit Corp.*, 158 Ga.App. 434, 280 S.E.2d 842 (1981). In *Vickers*, the guaranty gave the lender the right to proceed against the collateral "in any manner" without affecting the guarantor's obligations. *Id.* at 438, 280 S.E.2d at 846. The court then contrasted this language to language in an agreement in *Frederick v. United States*, 386 F.2d 481, 486 (5th Cir.1967), which stated that the lender could only exercise its powers "in a manner consistent with prevailing law." *Id.* (emphasis added). As the language in the 1986 Guaranty is very close to the phrase, "in a manner consistent with prevailing law," Schuster did not waive his defense under the confirmation statute.[4]

---

**4.** Defendant Yates relies on *Casgar v. Citizens & Southern Nat'l Bank*, 188 Ga.App. 234, 372 S.E.2d 815 (1988), to show that Defendant Schuster waived the confirmation defense. In *Casgar*, the guarantor claimed that he was discharged from liability because the lender had increased his risk on the guaranty by delaying the foreclosure sale and allowing the property value to deteriorate. *Id.* at 236, 372 S.E.2d at 818. The court held that the guarantor had waived this defense by the terms in his guaranty agreement. The guaranty provided that

[T]he guarantor's obligations would not be affected "by reasons of any action taken or omitted by Lender, whether or not such action or failure to act varies or increases the risk of, or affects the rights or remedies of the undersigned [guarantor]...."

*Id.* This language was an express waiver of a defense otherwise available to the guarantor.

Contrary to Defendant Yates' argument, *Casgar* has no bearing on the present action. In

Therefore, defendant Schuster is not liable for the deficiency on the 1986 Note. Confirmation was required on the foreclosure sale under the 1985 Deed, and the failure to obtain confirmation precludes the SBA from obtaining a recovery from Schuster.

Accordingly, defendant Schuster's motion for judgment on the pleadings is GRANTED, and defendant Yate's motion for judgment on the pleadings is DENIED. Plaintiff United States' motion for judgment on the pleadings is DENIED on its claim that plaintiff is entitled to recover against Schuster and GRANTED on its claim that Schuster is not liable.

The court finds that there is no reason for delay under Rule 54(b) of the Federal Rules of Civil Procedure and ORDERS that judgment be entered in favor of defendant Edward M. Schuster.

SO ORDERED.

*Casgar,* the guaranty expressly waived the defense of increased risk. While the guaranty in the case *sub judice* does contain language similar to the language in *Casgar*—"[t]he obligations of the Undersigned hereunder shall not be … in any way affected … by reason of any action Lender may take or omit to take under the foregoing powers"—this language does not expressly waive the confirmation defense.