## SALTER *v.* BANK OF COMMERCE.

No. 12955.   NOVEMBER 29, 1939.

*R. L. Maynard,* for plaintiff.

*Dykes, Bowers & Dykes,* for defendant.

ATKINSON, Presiding Justice. In section 1 of the act approved March 28, 1935 (Ga. L. 1935, p. 381), it is declared, "that from and after the passage of this act when any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of.the debt secured by such deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within thirty days after such sale, report the sale to the judge of the superior court of the county in which the land lies, for confirmation and approval, and obtains an·order of confirmation and approval thereon. The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale. The court shall direct notice of the hearing to·be given the debtor at least five days prior thereto, and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may, for good cause shown, order a resale of the property." The inhibitive words "no action may be taken to obtain a deficiency judgment," considered with the context, refer to "action" or suit in a court against a debtor for a deficiency "judgment," such as was the procedure in

*Guardian Life Insurance Co.* v. *Laird,* 181 *Ga.* 416 (182 S. E. 617); *Hunter* v. *Associated Mortgage Companies Inc.,* 183 *Ga.* 506 (188 S. E. 700). The words do not inhibit subsequent sale under power of property *other than the property* which at a former sale under power had failed to "bring the amount of the debt."

(*a*)  Sale under power contained in a security deed is a contractual remedy (*Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266, 182 S. E. 15), which the parties have seen fit to provide, affecting only the property conveyed by the deed; whereas a deficiency judgment is by the court, and creates an original lien against all the property of the grantor.

(*b*)  As the act does not inhibit sale, under a power contained in a security deed, of property other than property previously sold by the grantee, which failed to bring the amount of the debt, it is inapplicable, and can not be invoked as a bar by the grantor in a suit to enjoin the grantee from selling such other property under power of sale, where the ground of complaint is that after the previous sale of property the grantee failed, within the time required by the statute, to apply to the court for confirmation of the sale.

(*c*)  The action in the instant case for injunction being predicated solely on the failure to comply with the statute as indicated above, and the statute being inapplicable to the case, the petition necessarily fails to state a cause of action.

(*d*)  As the statute is inapplicable, whether or not it is constitutional, as contended by the plaintiff, is irrelevant.

(*e*)  The judge in dismissing the action did not put his decision on the ground that the statute was inapplicable; but its applicability is at the foundation of any right of the plaintiff to the relief he seeks, and the judgment of dismissal can not be reversed, although the reason for refusal to apply the statute was its alleged unconstitutionality.

(*f*)  The case of *Atlantic Loan Co.* v. *Peterson,* supra, was on its facts similar to the instant case, except that the note and security deed in question both antedated the act. The judge applied the act, and enjoined the proposed second sale under exercise of the power contained in the deed. On review the judgment was reversed on the ground that the statute was unconstitutional. The result of the decision was refusal to give effect to the statute. As

relates to the instant case, that decision could be no more than a physical precedent for putting aside the question of inapplicability of the act and passing on its constitutionality. In the instant case the trial judge *refused* to apply the act; and the plaintiff, whose case depended upon its applicability, seeks to reverse the judgment. In view of this difference in the cases (putting aside the question of inapplicability of the act), the decision in the former case can not be accepted as a binding precedent. The judge did not err in dismissing the action on general demurrer.

<div align="center">

*Judgment affirmed. All the Justices concur.*