## 53720. BRYANT v. BRANCH et al.

Deen, Presiding Judge.

1. Open end clauses may be contained and are effective in real estate security deeds as between the immediate parties. They are likewise effective in security instruments describing personal property as collateral, and where effective an amount which was recited in the instrument as having been a part of the down payment, may, if not in fact paid, be tacked on to the the the instalment note indebtedness which gave rise to the foreclosure proceeding. *Ayers v. Yancey Bros. Co.,* 141 Ga. App. 358. But this does not obtain if the security instrument has no open end provision (as in *Bob Parrott, Inc. v. First Palmetto Bank,* 133 Ga. App. 447 (1) (211 SE2d 401)), or if the undescribed indebtedness is expressly excluded.

In the present case, the appellant purchased a tract of land for $1,100,000. The security deed contains a statement that the security deed is intended "to secure any and all other indebtedness now owing or which may hereafter be owing by the grantor" etc., and, standing alone, would give the grantee a right, in a foreclosure proceeding, to add to the accelerated balance of the instalment note "at its option" other debts owing by the grantee to the grantor which have not been specifically excluded. Here, however, the closing statement reflecting the purchase agreement between the parties shows a purchase money note from purchaser to seller in the sum of $1,000,000 and, as a miscellaneous item, "Unsecured note from purchaser to sellers" in the sum of $50,000. No mention of the latter note is made in the foreclosure proceedings. It has been expressly excluded from the protection of the collateral by the purchase agreement itself, which was signed by both parties, in that it is designated as "unsecured." It follows that after default on the $1,000,000 secured note and after the appellee grantees foreclosed on the property and purchased it at public sale for $640,000, they were entitled to bring the present action on the unsecured $50,000 note which is the subject of this action. In an action for deficiency judgment, of course, the appellant would be entitled to this sum as a

credit after payment, but that issue is not before us.

2. Although the defendant appellant has failed to plead a defense of fraud, he offered in opposition to the motion for summary judgment an affidavit in which he states that Branch "indicated . . . that he and I could operate the cattle farm on a 50-50 basis. . . It was understood that the 50-50 basis upon which I and the Branches were to embark would commence immediately upon closing; that I would match the number of cattle which he had on the ranch. . . that I was to be phased into the operation of the cattle ranch immediately after closing," etc. The appellant then states that he sent a third party with instructions to ascertain when he could start participating in the operations, but the latter failed to obtain a starting date. Since the cattle already on the land belonged to the seller, who was leasing it back, it was obviously incumbent on the appellant to match cattle, but there is no indication he took any steps to do this. He did not need to ascertain a date if the original agreement was that it "would commence immediately upon closing." These facts, even assuming they were not merged in the written instruments under which the appellant purchased the land and leased it back to the sellers, are insufficient to show actionable fraud, which "can not be predicated upon statements which are promissory in their nature as to future acts." *Beach v. Fleming*, 214 Ga. 303, 306 (104 SE2d 427); *Jackson v. Brown*, 209 Ga. 78 (70 SE2d 756). The appellant nowhere alleges that he attempted to carry out any such partnership agreement as he orally posits or that he was thwarted by any action of the defendant. Nor is it shown that the land did not bring its proper current value at the foreclosure sale, nor that this amount, plus the purchase money note sued on here and any prior payments, add up to more than the agreed purchase price. Accordingly, it was not error to enter summary judgment in favor of the plaintiff appellees.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED APRIL 6, 1977 — DECIDED APRIL 19, 1977 — REHEARING DENIED MAY 4, 1977 —

*Troutman, Sanders, Lockerman & Ashmore, Mark S. Kaufman,* for appellant.

*Charles H. Hyatt, Earnest J. Nelson, Jr.,* for appellees.