## 54391. BAKER et al. v. NEI CORPORATION, GEORGIA et al.

SHULMAN, Judge.

In February 1974, appellees (hereinafter NEI) executed in favor of appellants (hereinafter Baker) a promissory note secured by a deed to secure debt on real property in Cobb County. In March 1974, NEI gave Baker another note secured by another deed to secure debt covering other property in Cobb County. Both deeds contained "dragnet" or "open-ended" clauses reciting that the deed ". . . is made and intended to secure the payment of the indebtedness mentioned above and evidenced by the Note or other loan documents executed in connection therewith together with any and all other indebtedness now owing or which may hereafter be owing by Grantor to Grantee. . ." Following defaults on both notes, Baker foreclosed the deeds to secure debt under the power of sale in the deeds and applied to the Superior Court of Cobb County for confirmation of the sales pursuant to Code Ann. § 67-1503. The sale conducted under the March deed was confirmed, but confirmation of the sale under the February deed was denied upon a finding that the price bid at the sale was less than the true market value of the property conveyed. Baker then filed suit for a deficiency owed on the March note. NEI answered, contending that the failure of Baker to secure confirmation of the sale under the February deed barred a suit on the March note

because the February deed, by the inclusion of the dragnet clause, secured both debts. Both sides moved for summary judgment. This appeal is from the trial court's order granting summary judgment to NEI and denying it to Baker.

1. The issue here is whether failure to secure confirmation of the sale under the February deed bars a suit on the March note. That issue is controlled in Baker's favor by the principles discussed in this court's recent decision in *Vaughn & Co. v. Saul,* 143 Ga. App. 74. Based on the reasoning in *Vaughn,* we hold that the present action is not barred. This action is not to recover a deficiency judgment on the debt for which the unconfirmed foreclosure was had, but to recover on a separate, subsequent and different note for a different debt and for which a conveyance of other property was made as security. The note sued on is a separate transaction from that which was the basis for the February deed foreclosure and is not within the prohibition of Code Ann. § 67-1503.

2. Appellants have enumerated as error the denial of their motion for summary judgment. In a procedurally congruent context, i.e., cross motions for summary judgment, one granted and one denied, this court held, based on statutory authority, that the denial was subject to review without the necessity for application for interlocutory appeal. *Ga. Motor Club v. First Nat. Bank &c.,* 137 Ga. App. 521 (2) (224 SE2d 498). However, that holding was expressly disapproved in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2) (229 SE2d 753). Based on that precedent, this court has since declined to review the denial of an appellant's motion for summary judgment unless the appellant has complied with the provisions of Code Ann. § 6-701 (a) 2(A), although it was enumerated as error in an appeal of a final judgment granting summary judgment to the opposing side. See, e.g., *Ford Motor Credit Co. v. Hunt,* 141 Ga. App. 612 (3) (234 SE2d 112); *Royal Atlanta Development Corp. v. M. D. Hodges Enterprises, Inc.,* 141 Ga. App. 838 (2) (234 SE2d 676). Another case in which review of the denial of summary judgment, brought up with a final judgment in the form of a grant of summary judgment to the other party, was refused was

*Stallings v. Chance,* 142 Ga. App. 491 (1) (236 SE2d 110). In that same case, on certiorari (239 Ga. 567 (238 SE2d 327) (1977)) our Supreme Court, although affirming our holding that the judgment was correct, held that we had misapplied the holding of *Marietta Yamaha.* Without mention of the expressly disapproved holding in *Ga. Motor Club v. First Nat. Bank,* supra, that Georgia law would "... permit review of the denial of a summary judgment without the necessity of making application for interlocutory appeal where there is a final judgment which is the basis of the appeal." (Id. p. 525), the Supreme Court held in *Stallings* that, "The grant of appellee's motion disposed of the entire case in the court below. No issue was left pending for decision. This has the effect of making appellant's denial of summary judgment a final judgment, and directly appealable under Code Ann. § 6-701(a)1."

It is clear now that in cases in the procedural posture of this one, appellate courts of this state will review the denial of summary judgment. However, we shall not do so here for a different reason. Although the denial of appellants' motion was enumerated as error, the arguments of both sides were devoted exclusively to the issue of the propriety of granting appellees' motion. Under Rule 18(c)(2) of this court (Code Ann. § 24-3618 (c) (2)), enumerations of error not supported by argument or citation of authority are deemed abandoned. This case provides an example of the soundness of that rule. Requiring the court to sift through the record without the benefit of argument or citations to the record to determine whether appellants' motion should have been granted is a burden this court has steadfastly refused to accept. The denial of appellants' summary judgment motion will, therefore, not be considered.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 12, 1977 —
REHEARING DENIED DECEMBER 1, 1977 —

*Smith, Cohen, Ringel, Kohler & Martin, Bruce H.*

*Beerman,* for appellants.

*Alston, Miller & Gaines, William C. Humphries, Jr.,* for appellees.