A90A0437. C. K. C., INC. v. FREE et al.
(395 SE2d 666)

COOPER, Judge.

This court granted appellant's application for an interlocutory appeal to hear this appeal from the denial of appellant's motion for summary judgment by the trial court.

In 1986, appellant purchased certain real estate from appellees and in return executed two separate promissory notes in favor of ap-

pellees. One note in the amount of $75,195 represented a portion of the down payment under the contract, and the second note in the amount of $500,797.50 represented the balance of the purchase price. Both notes recited that they were secured by the deed to secure debt of the same date from appellant to appellees (the "Security Deed") which covered the entire property purchased, and the deed to secure debt also recited that it secured the two notes. In 1987, appellant executed a renewal note in the amount of $75,195 which extended and replaced the original $75,195 note. The renewal note stated that it was secured by a deed recorded at Book 4107, Page 78[1], Gwinnett County Records, apparently the same deed referenced in the earlier notes. Upon appellant's default under both notes, appellees (1) notified appellant of the acceleration of the $75,195 note and of appellees' intentions to initiate foreclosure proceedings under the Security Deed; (2) filed a complaint seeking to recover the amounts due under the $75,195 note; (3) advertised the foreclosure, yet referenced only the larger note in the foreclosure advertisement; (4) sold the property at foreclosure to themselves for $504,000; (5) conveyed the property to themselves via a Deed Under Power of Sale which referenced the debt secured as evidenced by both notes; and (6) applied for a confirmation of the sale in which appellees referenced the indebtedness secured by the Security Deed as evidenced by both notes, and in which appellees stated that the sale did not bring in the amount of the debt. After the trial court denied the confirmation, appellees appealed to this court in a companion case which we remanded to the trial court for specification of findings of fact and conclusions of law. The confirmation was again denied, and this court has no record of any subsequent appeal. The time for such appeal having expired, the denial of confirmation by the trial court is final.

The instant appeal results from the denial of appellant's motion for summary judgment in the suit filed by appellees on the $75,195 note. Appellant's sole enumeration of error is that the court erred in denying its motion.

1. "On summary judgment, the movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. When, as in the instant case, the movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint." (Citations and punctuation omitted.) *Waits v. Makowski*, 191 Ga. App. 794 (1) (383 SE2d 175) (1989). We first agree with appellant that there is no genuine

---

[1] There are inconsistencies in the record as to the exact page on which the Security Deed was recorded. As this has not been raised by the parties as affecting any issue in this case, we will assume that each reference refers to the Security Deed.

issue as to any material fact. The terms of the real estate transaction, the documents at issue and the underlying facts of this case go undisputed by the parties. Appellees' only argument on appeal is that the confirmation decision is not final, therefore creating an issue of fact as to whether or not the confirmation will be denied. This argument goes to the ripeness of the appeal, not to a factual question. Further, as we have stated, no appeal having been filed from the second denial of confirmation by the trial court, the denial is final and the legal merits of this appeal can be reached.

2. At the outset, it must be determined whether appellees are seeking a deficiency judgment against appellant which is barred due to the failure to obtain a confirmation of the sale. A creditor may not seek a deficiency judgment with respect to any real estate sold on foreclosure unless a confirmation of the sale is obtained. OCGA § 44-14-161. "A deficiency judgment is the 'imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt.' [Cit.]" *Redman Indus. v. Tower Properties*, 517 FSupp. 144, 151 (5) (N.D. Ga. 1981). The Georgia courts have determined whether a deficiency judgment is being sought in a variety of circumstances. For example, "when a secured creditor seeks to satisfy its claim from property of a debtor other than the security itself, the creditor is in substance seeking a deficiency judgment." Id. After an initial foreclosure under a deed with a "dragnet clause," a subsequent foreclosure under a separate deed securing separate property is not a deficiency judgment, but is a separate contractual remedy of the creditor not subject to the confirmation requirement. *Salter v. Bank of Commerce*, 189 Ga. 328, 332 (6 SE2d 290) (1939). No deficiency judgment is involved when a creditor seeks to enforce a judgment obtained prior to instituting foreclosure. *Taylor v. Thompson*, 158 Ga. App. 671, 673 (282 SE2d 157) (1981). Further, recovery on a separate, subsequent and different note for a different debt and for which separate property was conveyed is not recovery of a deficiency judgment on a previous note that contained a dragnet clause. *Vaughn & Co. v. Saul*, 143 Ga. App. 74 (1) (237 SE2d 622) (1977). An unsecured note that is part of the same transaction involving a secured note may be sued upon despite a failure to obtain confirmation of the foreclosure for the secured note. *Murray v. Hasty*, 132 Ga. App. 125 (1) (207 SE2d 602) (1974). See also *Bryant v. Branch*, 142 Ga. App. 189 (1) (235 SE2d 688) (1977); *Kennedy v. Trust Co. Bank &c.*, 160 Ga. App. 733, 736 (288 SE2d 87) (1981).

In the instant case, both notes are clearly secured by the same deed and the same property. "[T]he two debts represented purchase money loans and the security for both was the property purchased." *Kennedy*, supra at 736. The notice of acceleration of the $75,195 note indicated that the property securing the note would be foreclosed,

and the application for confirmation was clear in that the total debt comprised of the two notes had not been realized by the foreclosure. "The two debts, secured by the same property, held by the same creditor . . . are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other. If the whole of the property is exhausted in foreclosing the first there is still a secured debt for which the holder desired to obtain a deficiency judgment." *Murray*, supra at 127. Notwithstanding the fact that the foreclosure advertisement only referenced the larger note, we deem the instant action to be a deficiency judgment which is barred due to the failure to obtain a confirmation. Summary judgment should have been granted to appellant.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 10, 1990.

*Gary C. Harris*, for appellant.
*Wendell K. Willard*, for appellees.