## A93A2386. WARD v. PEMBROKE STATE BANK.

(441 SE2d 691)

COOPER, Judge.

Plaintiff/appellee Pembroke State Bank brought this action against defendant/appellant Jim Ward, Jr., to collect on a promissory note secured by a deed to secure debt. The trial court granted summary judgment to plaintiff and defendant appeals.

In March 1988, defendant executed a promissory note in favor of plaintiff in the amount of $12,000. The note was secured by a deed to secure debt covering a 42-acre tract of land in Bulloch County. The purpose of the note was indicated on the note by the following notations: "Consumer" and "Purchase Land." The security deed contained an "open-end" or dragnet clause providing that it would also secure any additional loans made by plaintiff to defendant.[1] In November 1988, defendant executed a second promissory note to plaintiff in the amount of $11,003. This note specified that it was secured by the same deed to secure debt covering the Bulloch County tract and a 1987 Dodge pickup truck. The purpose of this note was indicated by the notation "Consumer."

When defendant defaulted on the first note, plaintiff exercised its power of sale in the security deed and sold the property to itself at foreclosure for $12,000, the amount of the first note. Plaintiff did not obtain confirmation of the sale. Defendant subsequently defaulted on the second note and plaintiff accelerated payment of all unpaid monthly installments. Plaintiff eventually filed the instant suit to collect on the second note. Defendant moved for summary judgment on the ground the instant action was a suit for a deficiency judgment and was barred by OCGA § 44-14-161 due to plaintiff's failure to obtain confirmation of the sale. The trial court denied the motion, finding that the two notes were independent of one another. Plaintiff then moved for summary judgment which was granted by the trial court.

Defendant argues the trial court erred in granting summary judgment to plaintiff because this case is controlled by *C. K. C., Inc. v. Free*, 196 Ga. App. 280 (2) (395 SE2d 666) (1990), in which we held that the creditor's action to recover on one note was a deficiency judgment which was barred by the creditor's failure to obtain confirmation of the foreclosure sale under another note where both notes were related and secured by the same security deed. However, the trial court found the facts of *C. K. C., Inc.*, distinguishable from this case and, instead, relied on this court's decisions in *Clements v. Fleet Fi-*

---

[1] Although the security deed is not contained in the record, defendant states that the security deed contained an "open-end" clause and plaintiff has not disputed that statement. Accordingly, we may accept this statement as being prima facie true. See Court of Appeals Rule 15 (b) (1).

*nance*, 206 Ga. App. 736 (426 SE2d 910) (1992), and *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747 (426 SE2d 645) (1992), wherein we held that the creditor's failure to obtain confirmation of the foreclosure sale under a prior note did not bar it from suing on a subsequent note where there were two separate debts, evidenced by two separate notes, and secured by two separate security deeds. We agree with the defendant that the facts of this case are more analogous to those of *C. K. C., Inc.* and find that it is controlling in this case.

We first note that pursuant to OCGA § 44-14-161 (a), when a creditor sells real estate pursuant to the foreclosure powers contained in the security deed, confirmation of the sale is required in order to obtain a deficiency judgment if the sale "does not bring the amount of *the debt secured by the deed. . . .*" (Emphasis supplied.) Although the two notes herein may evidence two different debts, both notes were secured by the same deed to secure debt on the same piece of property; hence, plaintiff appears to be seeking a deficiency judgment on *the debt secured by the deed* inasmuch as the one deed secured both debts. See *Clements*, supra at 739 (Carley, P. J., concurring specially). In fact, under the "open-end" clause, which provided that the property conveyed secured any subsequent debts between the parties, the two debts effectively merged into one another and became one debt for the purposes of foreclosure. See id.; see also *United States v. Yates*, 774 FSupp. 1368 (M.D. Ga. 1991).

Moreover, as noted above, the facts of this case are analogous to those of *C. K. C., Inc.* In that case, two purchase money promissory notes which were executed at the same time were secured by the same deed to secure debt on the property purchased. Upon the debtor's default under both notes, the creditor purchased the property at foreclosure under the larger note, but did not obtain confirmation and brought suit to recover under the smaller note. In holding that the suit on the smaller note was a deficiency judgment, we specifically stated that "both notes are clearly secured by the same deed and the same property." Id. at 282. Thus, contrary to the trial court's holding, our decision in *C. K. C., Inc.* did not rest solely on the fact that the two notes represented one debt, but in large part on the fact that they were secured by the same deed on the same property. See id. at 282-283. Here, as in *C. K. C., Inc.*, "[t]he two debts, secured by the same property, held by the same creditor . . . are owed by the same debtor and are inextricably intertwined. They are not independent of each other, and a foreclosure of one affects the other. If the whole of the property is exhausted in foreclosing the first there is still a secured debt for which the holder desired to obtain a deficiency judgment." (Citation and punctuation omitted.) Id. at 283. The foreclosure in this case under the deed securing both the first and second notes em-

braced both notes. "When the instrument sued upon is embraced by the previous foreclosure, it is a deficiency judgment." *Redman Indus. v. Tower Properties*, 517 FSupp. 144, 152 (N.D. Ga. 1981); see also *Yates*, supra at 1374.

Furthermore, both *Clements* and *Devin* are distinguishable from this case. In both those cases, we held that the creditor was not seeking a deficiency as to the debt secured by the deed foreclosed upon because "there [were] two separate debts, evidenced by two separate notes and *secured by two separate security deeds*." (Emphasis supplied.) *Clements*, supra at 738; *Devin*, supra at 748. We also pointed out that the two notes were not initially made to the same creditor but were subsequently assigned to the same creditor. Furthermore, the rationale of *Clements* and *Devin* appears to be based on the general principle that where there are separate debts arising from separate contractual obligations, the failure to confirm the foreclosure arising from one of the obligations does not bar an action on the separate obligation, even if the obligations are related. See, e.g., *Vaughn & Co., Ltd. v. Saul*, 143 Ga. App. 74 (237 SE2d 622) (1977); *Baker v. NEI Corp., Ga.*, 144 Ga. App. 165 (241 SE2d 4) (1977); *Murray v. Hasty*, 132 Ga. App. 125 (207 SE2d 602) (1974). However, unlike the present case, the common thread in the cases that stand for this proposition is that the notes involved were either secured by separate deeds to different properties or were not secured at all. See *Vaughn*, supra; *Baker*, supra; *Murray*, supra.

We therefore find that the instant action is one seeking a deficiency which is barred by the creditor's failure to obtain confirmation of the sale. To hold otherwise, would permit the creditor to make successive loans on the security of the same property, foreclose on the first note without obtaining confirmation, and then hold the debtor liable for a deficiency (the balance due on the second note), the security for which has been rendered valueless by the creditor's own act. We believe this would allow the creditor to avoid, without substantial justification, the very purpose of the confirmation statute; that being to protect debtors from deficiency judgments when their property is sold at foreclosure sale for less than its market value. See *Commercial Exch. Bank v. Johnson*, 197 Ga. App. 529 (1) (398 SE2d 817) (1990). Accordingly, the trial court erred in granting summary judgment to plaintiff and denying summary judgment to defendant. We note, however, that plaintiff is not barred from foreclosing on the 1987 Dodge truck also given as security on the second note. See *Salter v. Bank of Commerce*, 189 Ga. 328, 332 (6 SE2d 290) (1939); *Yates*, supra at 1374.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 8, 1994.

*Edenfield, Stone & Cox, Susan W. Cox, E. Lee Davis, Jr.*, for appellant.
*George A. Waters*, for appellee.