A97A1984. OAKVALE ROAD ASSOCIATES, LTD. et al.
v. MORTGAGE RECOVERY FUND-ATLANTA POOLS, L.P.
(499 SE2d 404)

BEASLEY, Judge.

Mortgage Recovery Fund-Atlanta Pools, L.P. sued Oakvale Road Associates, Ltd. to recover a deficiency on a promissory note. Oakvale asserted that the suit should be barred because Mortgage Recovery previously had foreclosed on property which secured that note and a prior one without obtaining judicial confirmation of the sale. Both parties filed motions for summary judgment along with a Joint Statement of Material Facts. The court granted Mortgage Recovery's motion for summary judgment and denied Oakvale's.

The issue is whether the debts are inextricably intertwined so that a suit on the second debt constitutes an action to obtain a defi-

ciency judgment requiring judicial confirmation of the foreclosure sale associated with the first debt.

In July 1988, Oakvale executed and delivered to Southern Federal Savings & Loan Association of Georgia a promissory note for $480,000. In exchange, Oakvale conveyed title to three contiguous parcels of land as security, the Oakvale Heights Subdivision, the Broad Oak Court Subdivision, and a parcel referred to as "Undeveloped Land." The security deed contains an open-end or dragnet clause that provides that the property conveyed secures any subsequent debts between the parties. Oakvale executed this first note to develop infrastructure for all three parcels.

Eleven months later Oakvale borrowed another $195,000 from Southern Federal for the development of lots in Broad Oak Court. In that transaction, Southern Federal released Broad Oak Court as security for the first note by quitclaim deed. Oakvale executed a second promissory note and conveyed a first priority interest in Broad Oak Court and a second priority interest in Undeveloped Land. Southern Federal later transferred both notes to Mortgage Recovery.

Oakvale defaulted on both notes, and Mortgage Recovery declared the full amount of the indebtedness immediately due. Under separate cover, Mortgage Recovery sent notices of acceleration, foreclosure and its intent to enforce the provisions of each note for statutory attorney fees. Oakvale paid nothing.

Mortgage Recovery foreclosed on the first security deed by selling the secured property under power of sale. Mortgage Recovery bid for and purchased the two parcels, Oakvale Heights and the Undeveloped Land, on the courthouse steps for $364,016.89, the amount due on the first note. The record contains no evidence of the true market value of the two parcels. It then sold Broad Oak Court on the courthouse steps for what the parties agree was "its fair and true market value" of $136,500, leaving a deficiency of $72,691.61 on the second note. The superior court confirmed the second sale in accordance with OCGA § 44-14-161.

The confirmation statute, OCGA § 44-14-161 (a), provides: "When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, . . . and at the sale the real estate does not bring the amount of the debt secured by the deed . . . , no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings" obtains a judicial confirmation.

Georgia courts have applied this statute to foreclosure proceedings on separate debts which are "inextricably intertwined" to prevent creditors from circumventing the statute by making successive

loans against the security of the same property.[1] This prevents creditors from avoiding "the very purpose of the confirmation statute; that being to protect debtors from deficiency judgments when their property is sold at [a] foreclosure sale for less than its market value."[2] Debts that are "inextricably intertwined" or debts that are "merged" constitute a single debt for the purpose of determining whether the sale of the real estate "bring[s] the amount of the debt secured by the deed" under OCGA § 44-14-161 (a).[3]

*Tufts v. Levin*[4] analyzed the case law addressing whether debts are "inextricably intertwined" so as to fall within the parameters of the statute. Generally, debts that are incurred for the same purpose, secured by the same property, held by the same creditor and owed by the same debtor are inextricably intertwined.[5] The two notes need not represent one debt if they are secured by the same deed on the same property.[6]

On the other hand, debts that are not intertwined are not governed by the confirmation statute. For example, the statute has been found not to apply to: debts that are independent, separate, unsecured obligations where there is no dragnet clause;[7] notes representing two separate debts initially executed to different creditors and secured by separate security deeds and no dragnet clause shown;[8] or separate debts evidenced by separate notes secured by separate security deeds made at different times to different creditors and for different purposes where a dragnet clause was not applicable.[9] Generally, debts not subject to the statute are based on notes made at different times, to different creditors, and for different collateral purposes.[10]

Oakvale's notes were executed almost a year apart and for different, although related, purposes. When the second note was executed the first transaction was modified simultaneously by the parties so that the Broad Oak parcel was released from the first security deed

---

[1] *Ward v. Pembroke State Bank*, 212 Ga. App. 322, 324 (441 SE2d 691) (1994). See, e.g., *Tufts v. Levin*, 213 Ga. App. 35 (2) (443 SE2d 681) (1994); *C.K.C., Inc. v. Free*, 196 Ga. App. 280, 283 (2) (395 SE2d 666) (1990); *Murray v. Hasty*, 132 Ga. App. 125, 127 (1) (207 SE2d 602) (1974).

[2] *Ward*, 212 Ga. App. at 324.

[3] (Emphasis omitted.) Id. at 323 (two debts effectively merged into one for the purposes of foreclosure); *Tufts*, 213 Ga. App. at 37 (debts inextricably intertwined "are not independent of each other, and a foreclosure of one affects the other").

[4] Id. at 36-38 (2).

[5] See id., supra; *Ward*, supra; *C.K.C., Inc. v. Free*, supra; *Murray*, supra.

[6] *Ward*, 212 Ga. App. at 323.

[7] *Murray v. Hasty*, 132 Ga. App. at 126.

[8] *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747 (1) (426 SE2d 645) (1992).

[9] *Clements v. Fleet Finance*, 206 Ga. App. 736, 738 (426 SE2d 910) (1992).

[10] *Tufts*, 213 Ga. App. at 38.

and made a subject of the second security deed. Notably, and despite Mortgage Recovery's assertions to the contrary, by not also releasing and reassigning the Undeveloped Land which was part of the same security deed, the parties clearly intended that it would operate as security for both notes by virtue of the dragnet clause.

Mortgage Recovery's repetitive assertion that the two deeds were secured by "substantially different property" ignores the facts, and case law involving separate debts secured by the same property applies. No case law supports Mortgage Recovery's contention that the secured property associated with the two debts must be identical in order to be inextricably intertwined. In *United States v. Yates*,[11] the first note was secured by a deed to secure debt that covered two tracts of land in Tift County. The second note was secured by the Tift County tracts and an additional 15-acre tract.[12] The court held the notes were secured by the same property.[13] The fact that, before foreclosure under the second note, a senior lienholder of the 15-acre tract had foreclosed on that property was not decisive.

Even though the first debt is secured by a senior interest in the Undeveloped Land and the second debt a junior interest in the same land, the two debts are not independent and separate obligations for the purposes of the confirmation statute. "It is the general rule that a sale under a regularly exercised power in a security deed or mortgage is equivalent to a foreclosure proceeding, and not only extinguishes the right of redemption, but divests all junior mortgages and other junior incumbrances on the property."[14]

But the open-end or dragnet clause in the first note effectively merges the two debts into one debt for foreclosure.[15] Such a clause merges the debt secured by the second note into the debt secured by the first note to the extent that it satisfies the requirements of OCGA § 44-14-1 and the notes are secured by the same property.[16] OCGA § 44-14-1 (b) limits the operation of dragnet clauses to debts "arising ex contractu . . . between the original parties to the security instrument."

Southern Federal, Mortgage Recovery's predecessor in interest, was the original party to both security instruments along with Oakvale. As stated above, Southern Federal and Oakvale secured

---

[11] 774 FSupp. 1368 (M.D. Ga. 1991).

[12] Id. at 1370.

[13] Id. at 1373.

[14] (Citations omitted.) *Fed. Land Bank of Columbia v. Bank of Lenox*, 192 Ga. 543, 546 (2) (16 SE2d 9) (1941).

[15] *Ward*, 212 Ga. App. at 323.

[16] See *Clements*, 206 Ga. App. at 739 (Carley, P. J., and Johnson, J., concurring specially); *Salter v. Bank of Commerce*, 189 Ga. 328 (6 SE2d 290) (1939) (dragnet clause does not merge debts secured by different property).

both notes in part by the Undeveloped Land. No precedent establishes that the security for both notes be wholly identical property in order for the merger of debts to occur under such a provision. Nor has good reason been advanced to require it. To do so would disserve the purpose of the confirmation statute, which is to assure fairness to the debtor and avert windfall to the creditor.[17]

Because the two debts merged for purposes of the confirmation statute, the *first* sale resulted in a deficiency in the amount remaining due on the *second* note. It is immaterial that if the debts were not merged, the second priority interest in the Undeveloped Land would be divested by the first sale.

*Clements v. Fleet Finance*[18] is inapposite. There, the two debts did not merge because they involved different creditors, and OCGA § 44-14-1 limits the effect of dragnet or open-end clauses "to debts arising between the 'original parties' to the first security deed."[19] *Salter v. Bank of Commerce*[20] is on its face inapplicable. There, the court only found that, by its very terms, the confirmation statute does not apply to prevent the creditor from *foreclosing by power of sale* a second piece of property used to secure one of a series of debts between the parties, such as here when Mortgage Recovery was not prevented from foreclosing the Broad Oak parcel.[21] The statute only applies to prevent *a subsequent suit for deficiency on the debt*, such as the suit now before us.[22] In *Salter* we did not address whether two merged debts would constitute one in terms of the confirmation statute.

Mortgage Recovery misreads *Vaughn & Co. v. Saul*[23] to suggest that *Salter* provides that the confirmation statute allows sale under power *and* a suit for deficiency as long as the creditor is selling property different from that sold at an earlier foreclosure. *Salter* never reached the question of whether a deficiency could be sought. *Salter* only affirmed dismissal of an attempt to enjoin the second sale. Further, *Vaughn & Co.* and *Baker v. NEI Corp.*[24] are not controlling. Neither addresses the effect of open-end or dragnet clauses on two notes secured, at least in part, by the same property. Indeed, *Vaughn*

---

[17] *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (398 SE2d 817) (1990); *Redman Indus. v. Tower Properties*, 517 FSupp. 144, 148-149 (N.D. Ga. 1981). This is done by examining whether the property foreclosed was sold for its true market value. OCGA § 44-14-161 (b); *Malak v. McGinnis*, 257 Ga. 622 (361 SE2d 798) (1987).

[18] 206 Ga. App. at 739 (Carley, P. J., and Johnson, J., concurring specially in a three-judge panel decision).

[19] Id.

[20] 189 Ga. at 328.

[21] Id. at 331-332.

[22] Id.

[23] 143 Ga. App. 74, 76 (237 SE2d 622) (1977).

[24] 144 Ga. App. 165 (241 SE2d 4) (1977).

& *Co.* distinguished cases where one parcel of land was security for the note and subsequent debts.[25]

*Bryant v. Branch*[26] is distinguishable. There, this Court held that the second note, in the amount of $50,000, was expressly excluded by agreement of the parties from the protection of the collateral. Thus, despite the open-end clause in the security deed, the parties had agreed the second note was not secured by the relevant property.[27] Here the two notes were secured in part by the same property.

Other clauses further intertwine the two debts. The second note contains a cross-default clause that provides that a default on the first note constitutes a default on the second note. It also has an assignment of surplus funds clause requiring that any surplus funds existing from a foreclosure of the first note be "paid over to Grantee (Mortgage Recovery) to be applied against the indebtedness secured hereby." Thus, under the surplus funds clause, if the fair market value in the first foreclosure was higher than the sale price, the debtor lost a reduction of the debt remaining on the second note.

Mortgage Recovery argues there was no need for confirmation because there were no surplus funds from the $480,000 loan foreclosure. This argument begs the question. Ensuring that the purpose of the confirmation requirement is upheld necessarily involves determining whether the property was sold at less than market value. When the sale price and the amount of the debt are the same, the question is whether there would have been surplus proceeds from the sale over the amount of the debt had the sale been for the true market value.

Since the debts represented by the two notes are inextricably intertwined so that the failure to obtain judicial confirmation of the first sale precluded a deficiency judgment after the second sale, the trial court erred in granting Mortgage Recovery's motion for summary judgment and denying Oakvale's motion.

*Judgment reversed. McMurray, P. J., and Smith, J., concur in the judgment only.*

DECIDED MARCH 20, 1998 

*Almand & Wiggins, O. Hale Almand, Jr., Debra Csikos-Vandrasik,* for appellants.

---

[25] 143 Ga. App. at 76.
[26] 142 Ga. App. 189 (235 SE2d 688) (1977).
[27] Id.

*McCalla, Raymer, Padrick, Cobb & Nichols, John G. Aldridge, Jr., Daniel D. Phelan,* for appellee.