**In the Matter of John Hamilton COX, Jr., Kathryn Burgess Cox, Debtors.**

**No. 08–13461–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

June 2, 2011.

---

Karen Fagin White, Cohen, Pollock, Merlin & Small, Atlanta, GA, for Debtors.

## ORDER

DRAKE, Bankruptcy Judge.

Gary W. Brown (hereinafter the "Trustee") objects to the unsecured claim of First Horizon Home Loan Corporation (hereinafter "FHHLC") on the basis that the claim represents a deficiency judgment arising from an unconfirmed foreclosure sale. This matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(B); 1334.

### FINDINGS OF FACT

The debt at issue stems from a series of loans made by FHHLC to Pebble Hill Homes, Inc. ("PHHI"). PHHI borrowed roughly $893,000 and signed three separate promissory notes in favor of FHHLC. John and Kathryn Cox (hereinafter the "Debtors") personally guaranteed the three promissory notes executed by PHHI. PHHI also granted security deeds to three different tracts of land to secure the three promissory notes, as follows: 1) Promissory Note 1 for $573,750, which was executed on May 18, 2006, and Deed Number 1 (granted on Lot 3 in the Hyde Park Subdivision in Fayette County (hereinafter the "Hyde Park Property")); 2) Promissory Note 2 for $232,500, which was executed on May 16, 2006, and Deed Number 2 (granted on Lot 249 in the Walden Pond Estates Subdivision in Coweta County (hereinafter "Lot 249")); and 3) Promissory Note 3 for $87,000, which was executed on May 26, 2006, and Deed Number 3 (granted on Lots 247 and 248 of the Walden Pond Subdivision (hereinafter "Lots 247/248")).

PHHI defaulted on all three notes, and FHHLC foreclosed on the three tracts of land. FHHLC received $630,000 from the

sale of the Hyde Park Property, $80,000 from the sale of Lots 247/248, and $40,000 from the sale of Lot 249. On February 19, 2009, the Superior Court of Coweta County confirmed the foreclosure sales of Lots 247/248 and Lot 249. FHHLC did not seek or obtain confirmation of the foreclosure sale of the Hyde Park Property.

Each of the deeds to secure debt for the three promissory notes contained the following provision:

> **3.05 Security For Other Indebtedness:** This Deed secures, in addition to the indebtedness evidenced by the Note, all renewals, extensions, and substitutions and modifications thereof, all other and further indebtedness of any amount which is now or may hereafter [be] owed by Grantor or any endorser or guarantor of the Note to Grantee, whether individually or jointly with others not parties hereto, and including attorney's fees in the amount of fifteen percent (15%) of the indebtedness secured hereby if collected by law or through an attorney-at-law.

On November 24, 2009, FHHLC filed a proof of claim evidencing an unsecured claim of $193,296.51 against the Debtors. Specifically, FHHLC claimed a deficiency of $28,404 remaining on Promissory Note 3 and a deficiency of $34,079.82 on Promissory Note 2. Additionally, FHHLC seeks payment of $130,811.90 in accrued interest, fees, and costs.

On November 29, 2010, the Trustee filed the instant objection to FHHLC's proof of claim. The Trustee has objected to the claim's allowance on three grounds: 1) lack of documentation; 2) failure to confirm the foreclosure sale of the Hyde Park Property; and 3) the violation by FHHLC of the Equal Credit Opportunity Act in obtaining the guaranty of the debt from Mrs. Cox. Following a hearing, the Court requested briefs on the issue of whether the failure to confirm the foreclosure sale of the Hyde Park Property precludes FHHLC's pursuit of a deficiency claim.

## Conclusions of Law

Section 501 of the Code provides that a "creditor ... may file a proof of claim." 11 U.S.C. § 501. Pursuant to section 502(a) of the Code, "a claim or interest, proof of which is filed under section 501 ..., is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). Upon objection to a claim, "the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that" the claim would not be enforceable against the debtor and property "of the debtor under ... applicable law." 11 U.S.C. § 502(b)(1). The Trustee asserts that a deficiency claim would not have been enforceable against the Debtors under state law. Specifically, the Trustee argues that O.C.G.A. § 44–14–161(a) precludes recovery of a deficiency claim arising from the foreclosure of the Hyde Park Property. This provision states, in pertinent part:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44–14–161(a).

The Trustee relies on case law in which the courts have held that "[d]ebts that are

'inextricably intertwined' or debts that are 'merged' constitute a single debt for the purpose of determining whether the sale of the real estate 'bring[s] the amount of the debt secured by the deed' under OCGA § 44–14–161(a)." *Oakvale Road Associates, Ltd. v. Mortgage Recovery Fund–Atlanta Pools, L.P.*, 231 Ga.App. 414, 416, 499 S.E.2d 404 (1998). In addition to *Oakvale Road Associates*, these cases include *C.K.C., Inc. v. Free*, 196 Ga.App. 280, 395 S.E.2d 666 (1990) (two notes secured by the same deed and the same property) and *Ward v. Pembroke State Bank*, 212 Ga. App. 322, 441 S.E.2d 691 (1994) (two notes secured by the same deed and the same property). In response, FHHLC relies on *Vaughn & Co. v. Saul*, 143 Ga.App. 74, 237 S.E.2d 622 (1977), *Baker v. NEI Corp.*, 144 Ga.App. 165, 241 S.E.2d 4 (1977), and *Lawson v. Habersham Bank*, 233 Ga.App. 88, 90, 503 S.E.2d 341 (1998).

■ All of the authorities cited by the Trustee and FHHLC recognize the same principle of Georgia law—that a creditor should not be permitted to "make successive loans on the security of the same property, foreclose on the first note without obtaining confirmation, and then hold the debtor liable for a deficiency (the balance due on the second note), the security for which has been rendered valueless by the creditor's own act." *Ward v. Pembroke State Bank*, 212 Ga.App. at 324, 441 S.E.2d 691. Otherwise, a creditor could avoid the requirements of the confirmation statute and subject debtors to deficiency judgments when their property is sold at foreclosure sale for less than its market value.

■ In recognition of this principle, Georgia courts have held that, when the creditor holds the same property as security for separate debts, the separate debts must be treated as one debt for purposes of the confirmation statute when the debts are "inextricably intertwined" or have "merged" into a single debt. *Oakvale Road Associates, Ltd.*, 231 Ga.App. at 416, 499 S.E.2d 404. For example, in *Oakvale Road Associates*, the debtor executed Promissory Note 1 and granted Deed 1 to Parcel 1, Parcel 2, and Parcel 3. Deed 1 contained a dragnet clause, under which the deed would secure any subsequent debts between the parties. Eleven months later, the debtor borrowed additional funds from the same lender. At that time, the lender released Parcel 2 as security for Note 1 by quitclaim deed. The debtor executed Note 2 and granted Deed 2, which covered Parcel 2 and granted a second priority security interest in Parcel 3. Eventually, the lender's successor by assignment foreclosed on Deed 1, purchasing Parcel 1 and 3 at the foreclosure sale. The lender did not confirm the foreclosure sales held under the power of Deed 1. The lender later sold at foreclosure Parcel 2 for less than the amount owed on Note 2, leaving a deficiency balance owing on Note 2. The lender did confirm the sale held under power of Deed 2. In holding that the lender could not enforce its claim for a deficiency balance on the second note against the debtor, the Court of Appeals stated that "[d]ebts that are 'inextricably intertwined' or debts that are 'merged' constitute a single debt for the purpose of determining whether the sale of the real estate 'bring[s] the amount of the debt secured by the deed' under OCGA § 44–14–161(a)." In finding that the debts at issue were "inextricable intertwined," the court appears to have relied on the fact that the two notes were both separately secured by Parcel 3. *Id.* at 416, 499 S.E.2d 404. The dragnet clause caused the debt owed under Note 1, secured by a first priority lien on Parcel 3, and the debt owed under Note 2, secured by a second priority lien on Parcel 3, to merge into one

debt for purposes of the confirmation statute.

In contrast, in the cases in which the court found that the existence of a dragnet clause did not render the debts "inextricably intertwined," the debts were not separately secured by the same property. For example, in *Vaughn & Co. v. Saul,* 143 Ga.App. 74, 237 S.E.2d 622 (1977), the debtors executed three separate promissory notes, which were secured by three separate deeds to secure debt, which covered three separate parcels of real property. The lender sold Parcel 2 at foreclosure, but did not confirm the sale. The lender later filed suit on Note 3. As a defense, the debtor asserted that the suit on Note 3 was barred by the lender's failure to confirm the foreclosure sale held under power of Deed 2 because, due to the "dragnet clause" in Deed 2, Deed 2 also secured the debt owed under Note 3. The court rejected this argument, stating:

> [The debtors] were given notice by certified mail of [lender's] intention to foreclose [Deed 2] by exercise of the power of sale. The notice described only the note dated June 21, 1974 for $3,100,000 and referred to no other debt of the [debtors]. We hold that the present action is not to recover a deficiency judgment on the debt for which foreclosure was had, but to recover on a separate, subsequent and different note made a year later for a different debt and for which a conveyance of other property was made as security. The note sued upon is a separate transaction from that which was the basis for foreclosure, is not within the prohibition of Code Ann. s. 67–1503, and [lender] was not barred from bringing action thereon.

*Vaughn & Co.,* 143 Ga.App. at 77, 237 S.E.2d 622.

Similarly, in *Baker v. NEI Corp.,* 144 Ga.App. 165, 241 S.E.2d 4 (1977), the debtor first executed a promissory note secured by a deed to secure debt on real property in Cobb County. One month later, the debtor gave the lender another note secured by another deed to secure debt covering different property. Both deeds contained "dragnet" or "open-ended" clauses. The debtor defaulted on both notes, and the lender foreclosed the deeds. Following the sale, the lender applied for confirmation of both sales, but only the sale under the later deed was confirmed, while the sale under the earlier deed was denied confirmation. When the lender sued the debtor for a deficiency judgment arising from the confirmed sale, the debtor contended that the lender's failure to confirm the sale under the earlier deed precluded a suit on the later note "because the [earlier] deed, by the inclusion of the dragnet clause, secured both debts." The court again rejected this argument, stating:

> Based on the reasoning in *Vaughn,* we hold that the present action is not barred. This action is not to recover a deficiency judgment on the debt for which the unconfirmed foreclosure was had, but to recover on a separate, subsequent and different note for a different debt and for which a conveyance of other property was made as security. The note sued on is a separate transaction from that which was the basis for the February deed foreclosure and is not within the prohibition of Code Ann. s. 67–1503.

*Baker,* 144 Ga.App. at 166, 241 S.E.2d 4.

■ Here, the facts of this case require the Court to find that the debts were not "inextricably intertwined." Just as the debtors in *Vaughn & Co.* and *Baker,* and unlike the debtor in *Oakvale Road Associates,* PHHI executed three separate notes, granted three separate deeds, and used three separate parcels of real property for

collateral. Accordingly, FHHLC's attempt to collect the remaining amount owed under Promissory Notes 2 and 3 does not constitute the pursuit of a "deficiency judgment" arising from the foreclosure of Deed Number 1. Collection of this amount from the Debtors' estate is, therefore, not barred by FHHLC's failure to confirm the foreclosure sale of the Hyde Park Property.

CONCLUSION

For the reasons stated above, the Trustee's objection to the claim of FHHLC on the basis that collection of the debt is barred by O.C.G.A. § 44–14–161(a) cannot be sustained. As the parties' briefs did not address the remaining objection to the claim—that collection of the debt from the proceeds of the estate of Mrs. Cox is barred by FHHLC's alleged violation of the Equal Credit Opportunity Act—the Court will permit the Trustee an opportunity to pursue that objection by filing an additional brief. The Trustee shall have through and including June 21, 2011 within which to file a supplemental brief. If the Trustee fails to do so within that time, the objection shall stand **DENIED.**

If the Trustee files a supplemental brief, FHHLC shall have twenty (20) days from the date of the filing of the Trustee's brief within which to file a response.